# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL DOCKET NO.: 5:06CR41-11-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SHELBY RENEE PRICE, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon Defendant's Appeal From Magistrate's Order Revoking Bond, filed November 27, 2007. (Document #293) The parties appeared before the undersigned for hearing, at which time the Government consented to Defendant's continued placement on bond. The purpose of the instant Order is simply to reduce to writing the Court's legal reasoning in allowing Defendant to remain on bond pending sentencing.[1]

**I. Facts & Procedural History**

Defendant Price was indicted in July 2006 and charged, along with thirteen others, with conspiracy to possess with intent to distribute quantities of methamphetamine, cocaine powder, and cocaine base in violation of 28 U.S.C. §846.

On August 22, 2006, Defendant appeared before U.S. Magistrate Judge David C. Keesler for purposes of determining eligibility for bond. At that time, the U.S. Probation Department and Pretrial Services recommended pretrial release subject to certain conditions. (8/21/06 Pretrial Services Report) At the conclusion of the hearing, the magistrate judge found that Defendant was

---

[1] This Order does not in any way alter the Court's oral ruling of December 12 ,2007.

unable to rebut the presumption that no condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of the community. *See* 18 U.S.C. §§3142(e) and (f)(1)(C). The magistrate judge noted that Defendant was a "[p]robable meth addict" and also indicated a willingness to review bond status after participation in the jail-based treatment program. (Document #52)

After completing the short-term substance abuse treatment program within the Mecklenburg County Jail, on October 3, 2006, Defendant moved for reconsideration of the detention order. (Document #132) The magistrate judge granted Defendant's motion for reconsideration on October 16, 2006. Defendant was placed on an unsecured bond in the amount of $25,000.00 subject to special conditions of release including imposition of a curfew and compliance with electronic monitoring. (Documents #144, #145)

On June 14, 2007, the conditions of Defendant's release were modified. Defendant was ordered exempt from the 10 p.m. to 6 a.m. curfew condition and a home detention condition was imposed in conjunction with the existing electronic monitoring requirement. (Document #226)

Defendant's period of pretrial supervision has not been without incident. The U.S. Probation Department notified the Court of an alleged new law violation on July 16, 2007, but did not recommend that the Court take any action at that time.[2] (Document #233) More recently, Defendant's adjustment to supervision was described by the supervising pretrial officer as "satisfactory." (Def.'s Mot. ¶6)

---

[2] On May 2, 2007, Defendant was charged in state court with possession of marijuana (½ ounce).

A Plea Agreement was filed on August 10, 2007. (Document #241) Defendant appeared before the magistrate judge on August 24, 2007. At that time, Defendant's pretrial bond condition of home detention was converted to home incarceration.

An Amended Plea Agreement was filed on August 28, 2007, and Defendant tendered a plea of guilty to Magistrate Judge Keesler. (Document #249) Defendant pled guilty to Count One of the Bill of Indictment and stipulated that "the amount of methamphetamine (mixture) that was known to or reasonably foreseeable . . . was at least 40 but less than 50 grams." (Am. Plea Agreement, ¶6a) Defendant's guilty plea was accepted by the Court. The Government then moved to revoke Defendant's bond pursuant to 18 U.S.C. §3143(b)(2). After a lengthy discussion about the relevant legal issues[3] (actually two different discussions during the same court session), the magistrate judge decided to take the question under advisement and Defendant was allowed to remain on bond.[4]

On November 11, 2007, the magistrate judge conducted a status conference in chambers. According to the magistrate judge, the purpose of the conference was to provide an opportunity for informal discussion about these legal issues and application thereof to the facts of the instant case.[5]

---

[3] Given the complexities of the issue, the matter was held open until the end of the session. As a result, there were actually two different discussions about application of the Bail Reform Act under these facts. The magistrate judge also engaged the parties in some rather frank discussion about the apparent lack of notice to the defense bar following the Government's new practice (*i.e.*, to move to revoke bond in all cases falling within §3143(a)(2) upon acceptance of a guilty plea by the magistrate judge). During the latter discussion, a supervisor within the U.S. Attorney's Office suggested that although a strict statutory interpretation did not favor such a view, it made more sense to interpret the broad language within §3145(c) in such a manner as to allow *any judicial officer* to consider whether exceptional reasons existed and thereby create an exception to the mandatory detention language within §3143(b)(2).

[4] The magistrate judge explained that he had not yet satisfied himself as to whether the Bail Reform Act required that Defendant be taken into custody upon acceptance of her guilty plea, particularly in light of the fact that Defendant was approximately seven months pregnant.

[5] The conference itself was not recorded or transcribed. However, the conference is described by the magistrate judge at the outset of the November 15, 2007 hearing.

On November 15, 2007, the parties appeared before Magistrate Judge Keesler again. At that time, the magistrate judge determined that the Bail Reform Act mandated that Defendant be taken into custody post-plea absent "exceptional reasons" justifying her release pending sentencing. See 18 U.S.C. §3145(c). The magistrate judge stated that the district court had the authority to consider whether "exceptional reasons" were present. For that reason, the magistrate judge stayed his own order to allow for district court review. Defendant, through counsel, gave oral notice of appeal the same day.

On November 27, 2007, Defendant filed a document entitled, "Defendant's Memorandum In Support Of Appeal From Magistrate's Order Revoking Bond." (Document #293) Defendant outlined the procedural history of the case and requested that the district court consider whether "exceptional reasons" justify a ruling maintaining the status quo (*i.e.*, allowing Defendant to continue on bond pending sentencing under the same conditions of release she was subject to prior to acceptance of her guilty plea). In her appeal, Defendant represented that the expected due date for delivery of her child had been determined to be December 19, 2007; that Defendant had a condition called "placenta previa" (low placenta); and that Defendant would likely require a caesarian delivery. (Def's Mot. ¶5) According to Defendant, if Defendant was placed in custody, her health and the health of her unborn child might be threatened. (Id.) Defendant further asserted that "during the weeks following birth it is critical for the health of the child to be with his / her mother." (Id.)

On December 12, 2007, Defendant appeared before the undersigned for oral argument regarding Defendant's motion for reconsideration. At that time, it was represented to the Court that Defendant was full-term and could deliver her child at any time. The Government did not oppose

Defendant's request that she be allowed to remain on bond pending sentencing. While no official statement was solicited from the U.S. Marshal's Service, the parties (and the Court) recognized that it was likely the marshal's preference that Defendant <u>not</u> be placed in custody if there were conditions of release that could ensure Defendant's appearance and the safety of the community. Finding that such conditions did, in fact, exist, the Court struck the magistrate judge's order revoking bond and allowed Defendant to remain on her existing conditions of bond.

**II. Analysis**

The unique facts of this case prompt the undersigned to consider whether the law provides for release of this Defendant post-plea.[6]

**A. Application Of The Bail Reform Act Pending Sentencing**

Defendant's eligibility for bond is governed by 18 U.S.C. §3143(a)(2) because the Defendant is now awaiting sentencing. Section 3143(a)(2) of the Bail Reform Act provides that:

> The judicial officer <u>shall</u> order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless –
>
> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; **and**

---

[6] The climate in which the issue arose is complicated at best in that the practice in this district for at least the last nineteen-plus years (the time this judge has been on the bench) has been to honor stipulations of the parties regarding a defendant's release on bond regardless of whether a defendant had already tendered a guilty plea. Honoring the parties' joint request has been the district practice for a host of reasons - one of the primary purposes being to allow a defendant to continue to engage in proactive cooperation with the Government notwithstanding the posture of the case. More recently, however, the Government has begun uniformly to move for revocation of bond at the time a defendant's guilty plea is accepted based upon its reading of §3143(a)(2). This movement has created a definite shift in procedure and given rise to a number of defense requests to postpone Plea and Rule 11 proceedings indefinitely so as to avoid the defendant being taken into custody at that time.

> (B) the judicial officer finds by clear and convincing evidence that the
> person is not likely to flee or pose a danger to any other person or the
> community.

18 U.S.C. §3143(a)(2). Thus, Section 3143(a)(2) requires detention absent the existence of the very narrow exceptions identified within subsections (A) and (B). Because Defendant Price pled guilty and faces ten or more years imprisonment (statutory maximum of twenty years) for violating the Federal Controlled Substances Act, there is nothing in the record suggesting that subsections (A)(i) or (ii) are applicable.

Nonetheless, the history and characteristics of this particular Defendant lead the Court to conclude, consistent with the Government's view, that clear and convincing evidence exists that Defendant is not likely to flee or pose a danger to the community.[7] According to the information before the Court, Defendant (age 19 / 20) has lived her entire life within Caldwell County, has extensive ties to the community, and no prior criminal record. While Pretrial Services originally voiced some concern about Defendant's mental health, Defendant's depression is currently being treated with medication. There is also a failure to appear noted within Caldwell County that must be associated with an infraction. Given Defendant's pregnancy and the recent birth of Defendant's child, the risk of non-appearance, if any, is significantly diminished. The criteria of §3143(a)(2)(B) are satisfied.

### B. "Review" & "Appeal" Of Decisions With Respect To Application Of The Bail Reform Act

The Court considers whether there are any exceptions to detention pending sentencing for

---

[7] The Government conceded as much before Magistrate Judge Keesler on August 28, 2007, and apparently maintains that view.

those defendants convicted of the more serious offenses identified in §§3143(b)(2) and 3142(f)(1)(A) - (C). Title 18, United States Code, Section 3145 governs the procedure for "review" and "appeal" of a judicial decision to release or detain a criminal defendant in the post-trial or post-plea context.[8]

Title 18, United States Code, Section 3145 reads:

> **(a) Review of a release order.** If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court –
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.
>
> The motion shall be determined promptly.
>
> **(b) Review of a detention order.** If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

---

[8] There is provision within 18 U.S.C. §3142(f) for a "judicial officer" to review a prior *pretrial* decision regarding detention under the Bail Reform Act. Section 3142(f) reads in pertinent part:

> "The [detention] hearing may be reopened, before or after a determination by a judicial officer, at any time before trial **if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue** whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

18 U.S.C. §3142(f). Unlike the §3145 mechanism for review, under §3142(f), the movant must present new and material information bearing on the question of bond. Id. It also seems that a review under §3142(f) may be conducted by the same judicial officer originally considering detention. See Cisneros, 328 F.3d 610, 614-15 (10th Cir.2003) (interpreting §3142(f) as providing review of detention status by the *same* judicial officer and §3145 as governing review by a *different* judicial officer.); Luisa, 266 F.Supp.2d at 445.

**(c) Appeal from a release or detention order.** An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28[9] and section 3731 of this title.[10] The appeal shall be determined promptly. **A person subject to detention pursuant to section 3143(a)(2) . . ., and who meets the conditions of release set forth in section 3143(a)(1) . . . may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate**.

18 U.S.C. §3145 (*emphasis added*).

The issue presented is whether Subsection 3145(c) authorizes the district court to engage in an "exceptional reasons" analysis in the event §3143(a)(1) is satisfied.[11] The Fourth Circuit has never squarely addressed the issue in a published opinion. The courts addressing the question are split, with the majority of courts finding that the district court may consider whether "exceptional

---

[9] Section 1291 governs appeal of final decisions of district courts:

The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."

28 U.S.C.A. § 1291.

[10] Section 3731 speaks to appeals taken by the United States:

An appeal by the United States shall lie to a court of appeals from a decision or order, entered by a district court of the United States, granting the release of a person charged with or convicted of an offense, or denying a motion for revocation of, or modification of the conditions of, a decision or order granting release.

18 U.S.C. §3731.

[11] In terms of what might constitute "exceptional reasons" for purposes of §3145(c), courts have stated that the circumstances must be "out of the ordinary," "uncommon," or "rare. . . ." Luisa, 266 F.Supp. at 447. The Second Circuit stated that "exceptional reasons" refers to "a unique combination of circumstances giving rise to situations that are out of the ordinary." DiSomma, 951 F.2d at 497. An "exceptional circumstances" inquiry is "quintessentially a fact-intensive inquiry requiring a case by case analysis." Luisa, 266 F.Supp. at 447.

reasons" overcome the otherwise mandatory detention provisions.[12]  *See* 9B Fed. Proc., L. Ed. §22:1890 (2007) (The view of the great majority of courts is that district courts have the authority to consider whether "exceptional reasons" exist to release a defending pending sentence or appeal.")

The Court first looks to the language of the statute to 'determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.' The inquiry ceases 'if the statutory language is unambiguous and the statutory scheme is coherent and consistent.'" *See* Luisa, 266 F.Supp.2d at 446 (*quoting* Barnhart v. Sigmon Coal Co., 534 U.S. 438, 450 (2002) and Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)).

### a. Latent Ambiguities Exist Within 18 U.S.C. §3145(c) Because "Judicial Officer" Is Reasonably Susceptible To More Than One Meaning

For purposes of §3145(c), the undersigned considers whether **"judicial officer"** is meant to distinguish between the district court and a Federal appellate court.[13]  Because "judicial officer" is not expressly defined within Section 3145, it is proper to look to other statutory uses and definitions for guidance.  *See* United States v. Snyder, 946 F.2d 1125, 1126 (5th Cir.1991) (noting that "judicial officer" is not defined under §3143; relying on the definition from §3141(b)).

---

[12]  There is a split of authority within this district court bench as well.  U.S. Chief District Judge Conrad has determined that the district court lacks the authority to apply 18 U.S.C. §3145(c). (*See United States v. Nguyen*, Case No.: 3:06CR55)  On July 21, 2006, the Fourth Circuit affirmed Judge Conrad's order in an unpublished decision that relied entirely on the district court's reasoning. (COA Docket #: 06-4627, entered at the direction of Judge Traxler, with the concurrence of Judge Wilkinson and Judge King)  Defendant petitioned for rehearing *en banc* and that petition was denied.  The mandate issued on August 23, 2006.  U.S. District Judge Thornburg has ruled on at least one occasion that §3145(c) may be applied at the district court level.  (*See United States v. Luisa*, 266 F.Supp.2d 440 (W.D.N.C. June 9, 2003), Case Nos.: 3:02CR254, 3:02CR257).  In Luisa, Judge Thornburg opined that "Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason."  Id. (*internal citations omitted*).

[13] There is no controlling authority indicating that one or the other is precluded from application of §3145(c).

As a framework for the instant analysis, the undersigned considers briefly the overall structure of the Bail Reform Act and the specific authority granted therein. At the outset of Chapter 207 of Title 18, Section 3141, entitled **"Release and detention authority generally,"** provides:

> **(a) Pending trial.** A **judicial officer** authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter.
>
> **(b) Pending sentence or appeal.** – A **judicial officer of a court of original jurisdiction over an offense**, or a judicial officer of a Federal appellate court, shall order that, pending imposition or execution of sentence, or pending appeal of conviction or sentence, a person be released or detained under this chapter.

18 U.S.C. §3141. Section 3141 draws the following distinctions in release and detention authority: 1) pending trial versus pending sentence or appeal; and 2) between an arresting court, a court of original jurisdiction over the offense, and the appellate court. Id. Subsection (a) provides authority to a "judicial officer" in the arresting court to issue an initial release or detention order. Pursuant to the laundry list of federal, state, and local authorities identified within 18 U.S.C. §3041 as possessing arrest powers, the "judicial officer" in this instance could be a state supreme court justice or a justice of the peace. *See* 18 U.S.C. §3041. Under Subsection (b), if the case is pending sentence or appeal, "judicial officer" is qualified and must be found within "a court of original jurisdiction over an offense" or "a Federal appellate court."[14] Id. While "judicial officer" is defined differently within Subsections (a) and (b) of §3141, Section 3141 supports a finding that the district court judge falls

---

[14] This is consistent with 28 U.S.C. §636, which expressly addresses the magistrate judge's powers with respect to 18 U.S.C. §3142. Pursuant to Section 636(a)(2), the magistrate judge has the power to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons ***pending trial*** . . . ." 28 U.S.C. §636(a)(2) (*emphasis added*). Yet, generally, a magistrate judge may also be "assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. §636(b)(3).

10

within the purview of §3145(c)'s "judicial officer" definition. 18 U.S.C. §3141(b).

The Court next considers the meaning of the phrase **"court having original jurisdiction over the offense."** Reference to the "court having original jurisdiction over the offense" may refer to the physical location of the court in which the case is being prosecuted (as opposed to an arresting court only). United States v. EL-EDWY, 272 F.3d 149, 152-54 (2nd Cir. 2001) ("We hold that, for purposes of 18 U.S.C. 3145, "the court having original jurisdiction over the offense" means the court in the district in which the prosecution is pending, not the court in which the magistrate judge sits."") In EL-EDWY, the Second Circuit noted that the most clear reference to the phrase "original jurisdiction over" was found within 18 U.S.C. §3231. Section 3231, entitled "District courts," provides in part:

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States . . . ."

18 U.S.C. §3231. The Second Circuit reasoned that "there is no single district that has original jurisdiction over an offense, to the exclusion of other districts." EL-EDWY, 272 F.3d at 152. Thus, for purposes of this chapter, "judicial officer" *may* encompass judges at all levels of the federal judicial system, ranging from magistrate judges to appellate judges depending upon the posture of the case. Id.

According to the Tenth Circuit, however, the district judge assigned the case within the prosecuting district is the "court having original jurisdiction over the offense." United States v. Cisneros, 328 F.3d 610, 615 (10th Cir.2003) (*quoting* United States v. Johnson, 858 F.Supp. 119, 122 (N.D. Ind.1994)). The Tenth Circuit reasoned that this construction was the one most consistent with the respective roles of the district court and magistrate court. Cisneros, 328 F.3d at 615-616 (holding that a magistrate judge in the prosecuting district did not have the authority to address the

government's revocation motion challenging an order issued by a magistrate judge in the arresting district). In other words, "[t]he hierarchy suggested by §3145(a) is consistent with the ultimate decision-making power and continuing jurisdiction over the actions of magistrate judges that district court judges possess. Id. (*citing* United States v. First Nat'l Bank of Rush Springs, 576 F.2d 852, 853 (10th Cir.1978) (*per curiam*); United States v. Maull, 773 F.2d 1479, 1486 (8th Cir.1985)(*en banc*)). In either event, the phrase "court having original jurisdiction over the offense" does not resolve the question.

Because the term "judicial officer" is reasonably susceptible to more than one meaning, the Court finds that Section 3145 of the Bail Reform Act is, in fact, ambiguous. Therefore, it is proper to look beyond the language of the statute in order to glean Congress' intent.

**b. Legislative History Supports The Majority View**

The language at issue was added to the statute at the same time the mandatory detention provisions of Sections 3143(a)(2) and (b)(2) were added. *See* Historical and Statutory Notes, 1990 Amendments ("This title [amending 18 U.S.C.A. 3143 and 3145] may be cited as the "Mandatory Detention for Offenders Convicted of Serious Crimes Act."); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir.1991) (*citing* Crime Control Act of 1990, P.L. No. 101-647, 902, 104 Stat. 4826, 4827 (1990)); United States v. Herrera-Soto, 961 F.2d 645, 647 n. 1 (7th Cir. 1992); United States v. Cook, 42 Fed Appx. 803, 803 (6th Cir. 2002) (*unpublished*). This explains in part why Sections 3143(a)(2) and (b)(2) and 3145(c) both employ the broader "judicial officer" as opposed to the more specific terms used within §3145(a) and (b).[15] The timing of the amendments to the statutes (*i.e.*,

---

[15] Subsections (a) and (b) of Section 3145 refer specifically to the "magistrate judge," and persons "other than a judge of a court having original jurisdiction over the offense," or "other than a Federal appellate court." 18 U.S.C. §3145(a) and (b).

12

contemporaneous) tends to show that by adding the "exceptional reasons" language to §3145(c), Congress intended to create an exception to the newly codified mandatory detention provision within §3143(a)(2).

In United States v. DiSomma, the Second Circuit considered application of Section 3145(c) in a post-trial context and held that it was "well within the district judge's discretion" to find that exceptional reasons allow release of a defendant pending appeal. United States v. DiSomma, 951 F.2d 494, 498 (2nd Cir.1991). In addition to citing the 1990 Amendments to the Bail Reform Act, the circuit court referred to a letter from the Department of Justice to Senator Paul Simon, sponsor of the new legislation, identifying examples of what might constitute "exceptional circumstances."[16] DiSomma, 951 F.2d at 498. The Second Circuit found that the letter - the only useful historical document on the issue - did not limit the district court's ability to entertain such an analysis. DiSomma, 951 F.2d at 497 (*citing* July 26, 1989 Letter from Assistant Attorney General Carol T. Crawford to Honorable Paul Simon or the "Crawford Letter")). Recognizing the most unusual factual and legal situation, the Second Circuit considered the need for a "case by case evaluation," the trial judge's "close familiarity with the evidence presented in the case," and explained it was the type of matter that called for the "full exercise of [the district court's] discretion." Id. Although not directly on point, the reasoning underlying the Second Circuit's opinion is sound.

After thoughtfully considering the various statutory interpretations, the undersigned agrees with those courts holding that §3145(c) may be applied by both the district court and the federal

---

[16] The specific examples cited within the Crawford Letter were: 1) an elderly man with lifelong community ties, convicted under the federal murder statute of the mercy killing of his wife, challenges the applicability of that statute to mercy killings, a question of first impression in the circuit; and 2) a seriously wounded drug dealer whose appeal raised a novel search and seizure issue which could change the outcome of his trial. DiSomma, 951 F.2d at 497.

appellate court. The Court reaches this conclusion despite the curious (and possibly haphazard) placement of the amended text within the statute. Admittedly, the strongest argument in support of the minority view is that the introductory sentence of §3145(c) refers directly to statutes that address appeals from final orders of the district court, namely, 28 U.S.C. §1291 and 18 U.S.C. §3731. At first glance, it seems this language cannot be reconciled with the majority view that §3145(c) may also be applied by the district court. Indeed, if read in isolation, the language is plain and its meaning is clear. However, when read in conjunction with the rest of §3145, and in the context of the Bail Reform Act as a whole, the minority legal position is not persuasive. The Court bases its decision in part upon its own view of the statutory scheme - a view similar to other judges and legal scholars who have expressed frustration in attempting to resolve the same issue. At minimum, a fair reading of the Bail Reform Act demonstrates the absence of a clear and coherent procedure as well as an inconsistent use of key terms and phrases.

Moreover, the undersigned does not believe it was Congress' intent to require an appellate court to engage in an "exceptional reasons" analysis – a quintessential fact-intensive inquiry - in the first instance, rather than require that a district court conduct the initial analysis. Rather, such an interpretation of §3145(c) would lead to an incongruous result – a result inconsistent with federal criminal procedure jurisprudence.

**c. The Federal Rules Of Appellate Procedure Lend Support To The Majority View**

The Federal Rules of Appellate Procedure contemplate the district court's involvement in decisions regarding release and detention prior to appellate review. Rule 9 of the Federal Rules of

Appellate Procedure provides in pertinent part:

> **(a) Release Before Judgment Of Conviction**.
>
> > (1) The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing the notice of appeal. An appellant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained.
> >
> > \*\*\*
> >
> > (3) The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal.
>
> **(b) Release After Judgment Of Conviction**. A party entitled to do so may obtain *review* of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a).
>
> **(c) Criteria For Release.** The court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§3142, 3143, and 3145(c).

FED. R. APP. P. 9 (*emphasis added*). Subsection (a) makes clear that *prior* to judgment of conviction,[17] both the district court and court of appeals have jurisdiction over such a motion. The phrase "prior to judgment of conviction" necessarily includes cases pending sentencing because the final criminal judgment is not entered until sentencing is imposed. *See* FED. R. CRIM. P. 32(k).[18]

---

[17] The term "judgment of conviction" generally refers to the judgment of conviction entered by the district court after sentencing that triggers the defendant's ability to perfect direct appeal as a matter of right as opposed to final judgment issued at the conclusion of direct appeal. *See, e.g.,* FED. R. APP. P. 4(b)(3); FED. R. CRIM. P. 32(k).

[18] Rule 32(k) of the Federal Rules of Criminal Procedure requires that the judgment of conviction "set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence."

Subsection (b), which applies *after* judgment of conviction, contemplates that the appellate court would "review" the district court's order in the first instance. Use of the word "review" rather than "appeal" within the rules of appellate procedure tends to show that the two words are synonymous and may be used interchangeably, undermining the minority position that the title of §3145(c) requires the opposite conclusion.

### d. The District Court Is Better Equipped To Find Facts Necessary To Making A Bail Determination

There is persuasive authority indicating that even *after* notice of appeal is given, the district court should make the initial determination as to a defendant's eligibility for bond pending appeal. Although the federal courts have concurrent jurisdiction over a motion under §3143(b), "[t]he Supreme Court has implicitly recognized that a district court is better situated than an appellate court to find the facts necessary to making a bail determination." *See* Snyder, 946 F.2d at 1126-1127 (*citing* Mathis v. United States, 389 U.S. 801 (1967)); Jago v. United States, 570 F.2d 618, 623 (6th Cir.1978) ("Release pending an appeal must be first sought in the district court even after an appeal has been noted from the judgment of conviction."); U.S. v. Provenzano, 605 F.2d 85, 91 (3rd Cir.1979) ("The initial resolution of a convicted defendant's motion for release pending appeal has traditionally been entrusted to the trial judge."); Baker v. Sard, 420 F.2d 1342, 1343 (C.A.D.C. 1969) (appellant's failure to raise request for release before trial court initially requires motion before appellate court to be denied without prejudice); Cain v. U.S., 148 F.2d 182, 183 (9th Cir.1945); U.S. v. Hansell, 109 F.2d 613, 614 (2nd Cir.1940).

### III. Conclusion

In conclusion, the Court notes the Fourth Circuit Court of Appeals has never addressed this issue in a published opinion. It is not clear what precedential value the opinion in <u>United States v. Ngueyn</u> offers since it is unpublished and provides no legal analysis. The Court further notes the split of authority amongst the other circuits, and between the district court judges having opportunity to address the issue within this very district. Based upon the latent ambiguities within 18 U.S.C. §3145, the legislative history, and the other authorities discussed herein, the Court finds that the district court possesses the jurisdictional authority to apply the "exceptional reasons" exception within §3145(c). The Court further finds that "exceptional reasons" exist in the instant case.

Signed: January 24, 2008

Richard L. Voorhees
United States District Judge